**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | | |
|---|---|---|
| B&K, LLC<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Court No. 26-04117 |

## COMPLAINT

Plaintiff, B&K, LLC ("B&K"), by its undersigned counsel, hereby alleges as follows:

## CAUSE OF ACTION

1. This action is commenced to challenge United States Customs and Border Protection's ("CBP") determination that certain imported cast iron structural pipe fittings (hereinafter the "subject merchandise") from the People's Republic of China ("China") are subject to the antidumping duty order on *Certain Malleable Iron Pipe Fittings from China*, 68 Fed. Reg. 69376 (Dec. 12, 2003) ("MIPF Order") (Case No. A-570-881), and its administration and enforcement of such duties with respect to B&K's entries.

## JURISDICTION

2. This Court has exclusive jurisdiction of this action pursuant to 28 U.S.C. § 1581(a). B&K timely filed a protest against the imposition of antidumping duties on the subject merchandise, which CBP denied. *See* U.S. Customs and Border Protection, Headquarters ("HQ") H295445 (March 27, 2026).

3. All liquidated duties in connection with the entry identified in the protest have been paid.

4. In the alternative, were this Court to determine that it does not possess jurisdiction over B&K's action pursuant to 28 U.S.C. § 1581(a), then this Court nevertheless possesses subject matter jurisdiction over this action pursuant to:

a. 28 U.S.C. § 1581(i)(1)(B), which confers upon this Court exclusive jurisdiction over civil actions commenced against the United States, its agencies, or its officers arising out of any U.S. law providing for "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue," or

b. 28 U.S.C. § 1581(i)(1)(D), which confers upon the Court exclusive jurisdiction over civil actions commenced against the United States, its agencies, or its officers concerning the "administration and enforcement with respect to," *inter alia*, any U.S. law providing for "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue."

5. The tariffs or duties assessed on B&K's entries, *e.g.*, antidumping duties, are for reasons other than the raising of revenue. B&K challenges Defendant's administration and enforcement of those tariffs or duties.

6. If jurisdiction over B&K's action does not lie under 28 U.S.C. § 1581(a), then any other remedy that may theoretically become available to B&K pursuant to any grant of jurisdiction under 28 U.S.C. § 1581(c) would be manifestly inadequate, and thus jurisdiction over the present action lies under 28 U.S.C. § 1581(i). *See, e.g.*, *Pac Fung Feather Co. v. United States*, 111 F.3d 114, 116 (Fed. Cir. 1997).

7. Before B&K initiated this action before this Court, B&K filed a scope ruling application with the U.S. Department of Commerce ("Commerce") concerning whether subject merchandise is covered by the scope of the MIPF Order. Commerce has not yet issued a preliminary or final ruling in that scope inquiry. 28 U.S.C. § 1581(c) provides no alternative jurisdictional basis for the present action, and no cause of action lies under 19 U.S.C. § 1516a. Even if B&K could in theory establish jurisdiction in the future after Commerce's final scope inquiry, the B&K entries subject to this action may become finally liquidated before Commerce issues a scope determination, thus depriving B&K of meaningful judicial review concerning the propriety of CBP's determination that B&K's products are covered by the scope of the MIPF Order and CBP's assessment of MIPF Order duties on B&K's entries. *See, e.g.*, *Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983).

**TIMELINESS**

8. If this Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 1581(a), then this action was timely commenced by the filing of a summons and this complaint on September 23, 2026, within 180 days from the date of denial of B&K's protest on March 27, 2026. *See* 19 U.S.C. § 1514(a); 28 U.S.C. § 2636(a). The summons covers one protest filed at the port of Memphis, Tennessee.

9. Alternatively, if this Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 1581(i), then this action was timely commenced by the filing of the summons and this complaint concurrently within two years after the denial of B&K's protest on March 27, 2026. *See* 28 U.S.C. § 2636(i).

## STANDING

10. B&K is a limited liability company headquartered in Collierville, Tennessee. Mueller Industries, Inc., which is also headquartered in Collierville, Tennessee, is the ultimate owner of B&K. B&K is the importer of record of the entry that is the subject of this action and is the real party in interest. B&K has standing to file this Complaint pursuant to 28 U.S.C. § 2631(a) because B&K was the party that filed the protest that is subject to this action. Alternatively, B&K has standing to file this Complaint pursuant to 28 U.S.C. § 2631(i) because B&K was the party adversely affected by CBP's determination that its imported structural fittings are subject to the MIPF Order and associated administration and enforcement of duties.

## STATEMENT OF FACTS

11. B&K is a supplier of plumbing, piping, and flow-control products serving both professional contractors and do-it-yourself ("DIY") consumers. B&K offers a broad range of products.

12. At issue here, threadless structural fittings (hereinafter "Structural Fittings") imported by B&K are composed of cast malleable iron manufactured to meet the American Society for Testing and Materials ("ASTM") A197 standard specification for cupola malleable iron. These Structural Fittings are not designed or specified for any measure of temperature resistance. These Structural Fittings may be hot-dipped galvanized or have a black electrophoretic coating. These Structural Fittings are not manufactured to meet any other ASTM material specifications, American Society of Mechanical Engineers ("ASME") or American National Standards Institute ("ANSI") dimensional specifications or pressure ratings, or any thread specification.

13. The Structural Fittings are not produced to meet specific standards or pressure ratings that are required to be approved to convey liquids and/or gases. Because these Structural Fittings are specifically designed to be connected to pipes only using an Allen wrench and screws, a gap or space will always exist between the pieces being connected, therefore making it impossible to run liquids or gases through any pipes connected via these Structural Fittings without leakage occurring. Accordingly, the Structural Fittings imported by B&K can only be used for structural assemblies, and not for the transport of liquids or gases.

14. The Structural Fittings subject to B&K's protest fall under two categories: (1) those designed to connect tubes together by aligning the bore of two or more tubes into the open ends of the fittings, *i.e.*, bore-connecting fittings, and (2) those not designed to allow the bore of two or more tubes to be connected, *i.e.*, non-bore-connecting fittings. Bore-connecting fittings that were subject to the protest at issue include the following product numbers: 670-406HC (three socket tee), 672-506HC (90-degree elbow), 672-804HC (side outlet elbow), 674-904HC (straight coupling), and 674-906HC (straight coupling). Non-bore-connecting fittings that were subject to the protest at issue include the following product numbers: 670-106HC (single socket tee), 671-604HC (90-degree side outlet tee), 671-606HC (90-degree side outlet tee), 671-906HC (two socket cross), 673-804HC (gate eye), 674-306HC (rail support), 674-804HC (adjustable side outlet), 676-904HC (swivel base), 677-304HC (single swivel socket), 677-306HC (single swivel socket), 678-204HC (hook), 679-804HC (flange with two tabs), 679-806HC (flange with two tabs), 679-904HC (offset flange), and 679-906HW (offset flange). In denying B&K's protest, CBP determined that all of the Structural Fittings imported by B&K, whether bore-connecting or non-bore-connecting, were subject to the MIPF Order.

15. This action contests CBP's determination that these Structural Fittings imported by B&K are subject to the MIPF Order and CBP's assessment of duties on entries of these Structural Fittings.

16. CBP liquidated the entry subject to this action on October 6, 2017. Upon liquidation, CBP reclassified the fittings under 7307.11.0030, HTSUS, determined that they were subject to the antidumping duty order covering *Non-Malleable Cast Iron Pipe Fittings from China*, 68 Fed. Reg. 16765 (Apr. 7, 2003) (Case No. A-570-875) (the "Non-Malleable Order"), and assessed duties.

17. Upon learning of the entry's liquidation on October 19, 2017, B&K contacted CBP to contend that liquidation was improper while the fittings' classification remained in dispute. CBP instructed B&K to file a protest.

18. On November 7, 2017, B&K timely protested CBP's reclassification of the subject merchandise and CBP's determination that the fittings were subject to the Non-Malleable Order.

19. Regarding CBP's reclassification of the Structural Fittings under subheading 7307.11.0030, HTSUS, B&K's protest argued that the Structural Fittings should be classified under subheading 7308.90.9590, HTSUS.

20. B&K also submitted factual information demonstrating that the subject merchandise was not subject to antidumping duty requirements under either the Non-Malleable Order or the MIPF Order.

21. B&K's entry documentation stated that the Structural Fittings were made of malleable iron, not non-malleable iron, and a mill test report provided by the Chinese manufacturer of the Fittings described the merchandise as malleable iron. The mill test report

also identified ASTM A197, which covers malleable irons for castings, as the applicable specification. B&K also explained that the Structural Fittings at issue are not threaded, are not produced to threading standards ASME B.16.3, ASME B.16.4, or ASTM A-395, and are not Underwriters Laboratories ("UL") certified.

22. B&K also explained that its imported Structural Fittings were not subject to the MIPF Order. For example, in making its injury determination, the U.S. International Trade Commission ("ITC") defined "Malleable Cast Iron Pipe Fittings," in relevant part, as articles "used for connecting the bores of two or more pipes or tubes," and stated that such fittings "are principally used in the gas and water systems of residential and non-residential buildings and pipe systems of oil refineries." *Malleable Iron Pipe Fittings from China*, Inv. No. 731-TA-1021 (Review), USITC Pub. 4069 (Apr. 2009). B&K explained that many of the Fittings imported by B&K are not designed for connecting the bores of two or more pipes and tubes, and none of the Structural Fittings are designed for use in gas or water systems, or with pipe systems in oil refineries. Because the Fittings imported by B&K were substantially different from the product defined by the ITC, B&K argued that the Structural Fittings are not subject to the MIPF Order.

23. B&K's Structural Fittings are not subject to the scope of the MIPF Order for the following reasons, among others. *First*, the plain language of the scope covers only "certain" malleable iron pipe fittings imported from China, which therefore means that certain other malleable iron pipe fittings fall outside the scope. The MIPF Order does not identify B&K's Structural Fittings as falling within the scope of the Order. *Second*, lacking explicit language including structural fittings such as B&K's Structural Fittings within the scope, sources, such as the petition from the original investigation concerning MIPF from China and the ITC's investigation report make clear that the fittings subject to the scope of the Order possess specific

characteristics and have specific uses. For example, fittings subject to the MIPF Order: (i) are employed where shock and vibration resistance are required and where fittings are subject to quick temperature changes; (ii) are principally used in gas lines, piping systems of oil refineries, and gas and water systems of buildings; and (iii) are produced for the U.S. market to three separate uniform specifications: (1) ASTM for material specifications, (2) ANSI and ASME for dimensional specifications, and (3) a thread specification. *See, e.g.*, *Malleable Iron Pipe Fittings From China*, Inv. No. 731-TA-1021 (Final), USITC Pub. 3649 (Dec. 2003) at 3-5, I-7. By contrast, B&K's Structural Fittings are manufactured solely for use in the assembly of DIY projects and assemblies, such as shelves, racks, railings, etc. B&K's Structural Fittings are not employed where shock and vibration resistance are required or meant to be subject to quick temperature changes, and are neither designed for nor capable of being used in gas lines, piping systems of oil refineries, and gas and water systems of buildings. B&K's Structural Fittings are produced only in accordance with ASTM A197 material standard, but they are not produced in accordance with ASME or ANSI standards for dimensions, pressure ratings, or threading, and they need not be pressure rated to meet their intended uses in the assembly of shelves, racks, railings, etc. Thus, B&K's Structural Fittings do not satisfy the description of malleable fittings provided for in the original antidumping duty petition or in the ITC's report from the original investigation and fall outside the scope of the MIPF Order.

24. Nevertheless, on March 27, 2026, CBP responded to B&K's protest by issuing Headquarters Ruling Letter HQ H295445, which concluded, *inter alia*, that the Structural Fittings are subject to the MIPF Order. CBP specifically analyzed the scope language of the MIPF Order, including its express exclusion of "metal compression couplings." CBP determined that the Structural Fittings are structural fittings designed for joining tubes in structural

applications that contain tapped holes in which screws or bolts are inserted, at the time of assembly, to affix them to structural tubing. Further, CBP determined that the Structural Fittings are non-threaded tube or pipe fittings comprised of cast, malleable iron, none of which are grooved. As such, CBP determined, as a matter of fact and law, that the Structural Fittings fell within the scope of the MIPF Order.

25. CBP's ministerial role in administering and enforcing antidumping duty orders, *see Sunpreme Inc. v. United States*, 946 F.3d 1300, 1317 (Fed. Cir. 2020), does not encompass the authority to make the ultimate, substantive factual and legal determination about whether the MIPF Order's scope language encompasses B&K's Structural Fittings. Such determinations are reserved for the U.S. Department of Commerce.

26. CBP's Headquarters Ruling Letter HQ H295445 agreed with B&K that the non-bore-connecting Structural Fittings imported by B&K were properly classified under subheading 7308.90.9590, HTSUS. However, CBP disagreed with respect to the bore-connecting Structural Fittings imported by B&K, finding that such Structural Fittings were properly classified under subheading 7307.19.9080, HTSUS.

27. At the time of filing this complaint, notwithstanding B&K's scope ruling application, Commerce has not made any scope determination concerning whether B&K's products are covered by the MIPF Order. As such, B&K herein appeals CBP's protest decision, which included the unlawful and incorrect factual determination that B&K's imported Structural Fittings are subject to the scope of the MIPF Order.

**<u>COUNT I</u>**

28. All preceding paragraphs are incorporated by reference as though fully set forth herein.

29. B&K's imported Structural Fittings do not fall under the scope of the MIPF Order.

30. CBP's protest decision made erroneous and unlawful factual and legal determinations in finding that B&K's Structural Fittings fall within the scope of the MIPF Order.

31. Further to these determinations, CBP erroneously and unlawfully assessed duties on B&K's entries pursuant to the MIPF Order.

**COUNT 2**

32. All preceding paragraphs are incorporated by reference as though fully set forth herein.

33. The Declaratory Judgment Act authorizes any court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

34. B&K is entitled to declaratory judgment that CBP's actions in deeming products entered by B&K subject to the MIPF Order and assessing antidumping duties on the same are erroneous and unlawful.

**COUNT 3**

35. All preceding paragraphs are incorporated by reference as though fully set forth herein.

36. The Administrative Procedure Act ("APA") provides a right of action for any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," and waives the United States' sovereign immunity for this purpose. 5 U.S.C. § 702.

37. Under the APA, this court may review "{a}gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

38. The APA specifies that the "reviewing court shall":

> (1) compel agency action unlawfully withheld or unreasonably delayed; and
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
>> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>> (B) contrary to constitutional right, power, privilege, or immunity;
>> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>> (D) without observance of procedure required by law;
>> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706.

39. CBP abused its discretion, acted contrary to law, exceeded its authority, and otherwise violated the foregoing standards in determining that B&K's Structural Fittings are subject to the MIPF Order and assessing antidumping duties on B&K's Structural Fittings.

**<u>REQUEST FOR RELIEF</u>**

WHEREFORE, B&K respectfully requests that this Court:

(1) enter judgment in B&K's favor;

(2) sustain B&K's protest;

(3) hold unlawful and set aside CBP's actions, findings, and conclusions that B&K's Structural Fittings fall under the scope of the MIPF Order and CBP's assessment of antidumping duties on the same;

(4) declare that B&K's imported Structural Fittings do not fall within the scope of the MIPF Order;

(5) direct CBP to reliquidate the entry covered by this action;

(6) order CBP to refund all duties paid by B&K as a result of CBP's erroneous and unlawful determination that the subject merchandise falls under the scope of the MIPF Order, together with interest as provided by law;

(7) award B&K their costs and reasonable attorney fees; and

(8) grant such other and further relief as it may deem just and proper.

* * *

Respectfully Submitted,

Martin Schaefermeier

Martin Schaefermeier
Thomas M. Beline
James E. Ransdell
Stephen A. Laufer
CASSIDY LEVY KENT (USA) LLP
2112 Pennsylvania Avenue, NW, Suite 300
Washington DC 20037
Telephone: (202) 567-2402
mschaefermeier@cassidylevy.com

*Counsel for B&K, LLC.*

Date: September 23, 2026